```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

        -against-                     14 Cr. 258-1 (RWS)

                                          SENTENCING
JOSHUA FLORES,                            OPINION

                   Defendant.

------------------------------------X

**Sweet, D.J.,**

On September 12, 2014, Joshua Flores ("Flores" or the "Defendant") pled guilty to possession of child pornography. For the reasons set forth below, Flores will be sentenced to 24 months of imprisonment followed by five years of supervised release, subject to the scheduled sentencing hearing on November 30, 2015. Flores is also required to pay a special assessment of $100.

**Prior Proceedings**

Flores was named in a two-count indictment (the "Indictment") filed in the Southern District of New York on April 21, 2014. The first count of the Indictment charges that on November 30, 2013, in the Southern District of New York and elsewhere, Flores received child pornography files via an

internet file-sharing program, in violation of 18 U.S.C. § 2252A(a)(2). ("Count 1") The second count of the Indictment charges that from at least November 2013 through February 2014, in the Southern District of New York and elsewhere, Flores possessed videos and child pornography that had been received via the Internet, in violation of 18 U.S.C. § 2252A(a)(5). ("Count 2")

The Indictment further indicates that as a result of committing the offenses charged in Counts 1 and 2, Flores shall forfeit to the United States 1) any visual depiction of child pornography, or any book, magazine, periodical, film, videotape, or other matter containing such visual depiction that was transported in violation of federal law; 2) any property constituting or traceable to gross profits or proceeds obtained from the offenses alleged in Counts 1 and 2; and 3) any property used or intended to be used to commit or promote the commission of the offenses in Counts 1 and 2, or any property traceable to those offenses.

On March 26, 2015, Flores pled guilty to Count 2 only in a hearing before the Honorable Gabriel W. Gorenstein, pursuant to a plea agreement which stipulates the following:

a. Pursuant to §2G2.2(a)(1), the base offense level for Count 2 is 18.

b. Since the material involved a prepubescent minor or a minor who had not attained the age of 12 years, pursuant to §2G2.2(b)(2), a two-level increase is warranted.

c. Since the offense involved the use of a computer for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, pursuant to §2G2.2(b)(6), a two-level increase is warranted.

d. Since the offense involved 600 or more images, pursuant to §2G2.2(b)(7), a five-level increase is warranted.

e. Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court in a timely manner, thereby demonstrating acceptance of responsibility for his offense, permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, a three-level decrease is warranted, pursuant to §3E1.1(a) and (b).

f. In accordance with the above, the applicable Guidelines offense level is 24.

g. Based upon the information available to the U.S. Attorney's Office (including representations by the defense), the defendant has no criminal history points, which places him in Criminal History Category I.

h. Based upon the calculations set forth above, the defendant's Stipulated Guidelines range is 51 to 63 months' imprisonment.

i. The fine range is $10,000 to $100,000.

j. The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines range is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines. The parties agree that either party may seek a sentence outside of the Stipulated

    Guidelines range and suggest that the Probation Office or the Court consider a sentence outside of the Stipulated Guidelines range based upon the factors to be considered in imposing a sentence, pursuant to 18 U.S.C. 3553(a).

k. The defendant admits to the forfeiture allegations with respect to Count 2 and agrees to forfeit to the U.S., pursuant to 18 U.S.C. 2253, all of his right, title, and interest in any and all visual depictions, and any and all books, magazines, periodicals, films, videotapes, and other matter containing such visual depictions, that were produced, transported, mailed, shipped, received, or possessed in violation of 18 U.S.C. 110; any property, real or personal, constituting or traceable to gross profits and other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, including, but not limited to, visual depictions of minors engaging in sexually explicit conduct, and the matter containing such visual depictions.

    Flores is scheduled to be sentenced on November 30, 2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

    (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2)   the need for the sentence imposed —

        (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)   to afford adequate deterrence to criminal conduct;

        (C)   to protect the public from further crimes of the defendant; and

        (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3)   the kinds of sentences available;

  (4)   the kinds of sentence and the sentencing range established for —

        (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

  (5)   any pertinent policy statement [issued by the Sentencing Commission];

  (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct.  These facts are summarized, in brief form, below.

When confronted by FBI agents, Flores admitted that in 2012, he had requested that an individual who he knew had child pornography send him videos of underage boys having sex.  In November, 2013, that individual sent Flores 55 image files and 10 video files via the internet, some of which included sexually explicit depictions of toddlers.  After Flores agreed to let the FBI search his cell phones and laptop, agents discovered over 50 files containing child pornography.  According to the Government, Flores has received over 600 images of child pornography in total.[1]

---

[1] This total includes video files, which the government counts as consisting of 75 image files per video.

**The Relevant Statutory Provisions**

The maximum term of imprisonment for Count 2 is 20 years. 18 U.S.C. § 2252A(a)(5), (b)(2). The minimum term of supervised release for Count 2 is five years, and the maximum term is life. 18 U.S.C. § 3583(k).

Because the offense charged in Count 2 is a Class C felony, Defendant is eligible for between one and five years of probation. 18 U.S.C. § 3561(c)(1). The maximum fine for Count 2 is $250,000. 18 U.S.C. § 3571(b)(3). A special assessment of $100 is mandatory on Count 2 pursuant to 18 U.S.C. § 3013(a)(2).

**The Guidelines**

The November 1, 2015 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The Guideline for 18 U.S.C. § 2252A(a) offenses is found in U.S.S.G. § 2G2.2 of the Guidelines. That section provides that a conviction under 18 U.S.C. § 2252A(a)(5) carries a base offense level of 18. U.S.S.G. § 2G2.2(a)(1). Because the material involved in the offense involved a prepubescent

minor or a minor who had not attained the age of 12 years, a two-level increase is warranted pursuant to U.S.S.G. § 2G2.2(b)(2). Because the offense involved the use of a computer, a two-level increase is warranted pursuant to U.S.S.G. § 2G2.2(b)(6). Because the offense involved more than 600 images, a five-level increase is warranted pursuant to U.S.S.G. § 2G2.2(b)(7)(D).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). Defendant has also assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. U.S.S.G. § 3E1.1(b). These adjustments result in an offense level of 24.

Defendant has no prior convictions, resulting in a criminal history category of I. Pursuant to the sentencing table at Chapter 5, Part A of the Guidelines, a total offense level of 24 and a criminal history category of I results in a Guideline range of imprisonment of 51-63 months.

The Guideline range for a term of supervised release is a minimum of five years and a maximum of life. U.S.S.G. § 5D1.2(b)(2) & (c).

Defendant is not eligible for probation because his applicable Guideline range falls in Zone D of the Sentencing Table in Chapter Five of the Guidelines. U.S.S.G. § 5B1.1, Application Note 2.

The fine range for this offense is $10,000 to $100,000. U.S.S.G. § 5E1.2(c)(3). Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), the Court concurs with the Probation Office's recommendation for a downward departure.

Although Flores' crime is significant and disturbing, he has no history of acting on any sexual urges toward children, and the psychologist who examined him concluded that he carried a low risk for thoughts, tendencies, or impulses of violent sexual behavior or sexually deviant acts, and only a low-to-moderate risk of recidivism. The Court hopes that Flores' stable family situation, combined with five years of supervised release and mandatory placement in a sex offender treatment

program, will allow Flores to control his urges and resume a productive place in society.

**The Sentence**

For the instant offense, Flores shall be sentenced to 24 months of imprisonment on Count 2. The term of imprisonment will be followed by five years of supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Cooperate in the collection of DNA as directed by the probation office.

The mandatory drug testing condition is suspended based on the Court's determination that the Defendant poses a low risk of future substance abuse.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant shall undergo a sex offense-specific evaluation and participate in an outpatient sex-offender treatment and/or outpatient mental-health treatment program approved by the U.S. Probation

Office. The defendant shall abide by all rules, requirements, and conditions of the sex-offender treatment program(s), including submission to polygraph testing. The defendant shall contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the sex-offender treatment provider and/or mental-health treatment provider.

(2) Defendant shall not have deliberate contact with any child under 18 years of age, unless approved by the U.S. Probation Office. The defendant shall not loiter within 100 feet of schoolyards, playgrounds, arcades, or other places primarily used by children under the age of 18.

(3) Defendant shall submit his person, residence, place of business, vehicle, or any other premises, and any propery, computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic communications, data storage devices, and/or other media under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(4) Defendant shall provide the probation officer with access to any requested financial information.

(5) Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(6) Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit all of his right, title, and interest in any and all visual depictions, and any and all books, magazines, periodicals, films, videotapes, and other matter containing such visual depictions, that were produced, transported, mailed, shipped, received, or possessed in violation of 18 U.S.C. § 110; any property, real or personal, constituting or traceable to gross profits and other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, including but not limited to visual depictions of minors engaging in sexually explicit conduct, and the matter containing such visual depictions.  See Fed. R. Crim. P. 32.2; 18 U.S.C. § 2253.

Defendant is ineligible for voluntary surrender.

It is so ordered.

New York, NY
October 29, 2015

_____
ROBERT W. SWEET
U.S.D.J.